# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:15CR25-JRG-JDL |
| vs. | § § | |
| | § | |
| JUSTIN WAYNE DEDMON (24) | § § § | |

# REPORT AND RECOMMENDATION
# ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Justin Wayne Dedmon's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 3 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to twelve months and one day of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant was sentenced on August 30, 2016, by the Honorable Michael Schneider, United States District Judge, to 34 months of imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse treatment and testing. The offense carried a statutory maximum imprisonment term of 20 years and the guideline imprisonment range, based on a total offense level of 15 and a criminal history category of IV, was 30 to 37 months. Defendant completed his term of imprisonment and began serving his term of supervised release on April 21, 2017.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on March 5, 2018, United States Probation Officer Jason Stewart alleges that Defendant violated the following conditions of release:

**Allegation 1** (standard condition): The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer. Here, it is alleged that the defendant failed to report to the U.S. Probation Department as directed on January 12 and 26, 2018 and failed to submit a written report for the months of December 2017 and January 2018.

**Allegation 2** (standard condition): The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. Here, it is alleged that the defendant failed to notify the U.S. Probation Officer of his change of residence on January 11, 2018.

**Allegation 3** (standard condition): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Here, it is alleged that the defendant submitted a urine specimen on December 15, 2017 that tested positive for methamphetamine and marijuana.

**Allegation 4** (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as you are released from the program by the probation officer. Here, it is alleged that the defendant failed to submit a random urine specimen for drug testing as directed on December 29, 2017, January 3, 2018, January 9, 2018 and January 18, 2018. In addition, it is alleged that the probation officer received a notification of noncompliance on January 29, 2018 from Licensed

Professional Counselor Sherry Young of Tyler, Texas, advising that the defendant failed to report for his substance abuse assessment scheduled for January 29, 2018.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 12 to 18 months of imprisonment. U.S.S.G. § 7B1.4(a). If the Court finds by a preponderance of the evidence that

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant violated his conditions of supervised release by failing to report as directed, failing to notify the probation officer of a change in residence, possessing marijuana or failing to participate in drug testing and treatment as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the applicable guideline range for a Grade C violation is 6 to 12 months of imprisonment.

*Hearing*

On March 13, 2018, Defendant appeared for a detention hearing. Defendant's counsel, Ken Hawk, announced that Defendant and Assistant United States Attorney Lucas Machicek reached an agreement for Defendant to enter a plea of true to Allegation 3 in the petition and to jointly request a sentence of twelve months and one day of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 in the petition. The Government moved to dismiss all remaining allegations in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville to facilitate family visitation.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to twelve months and one day of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the

final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to twelve months and one day of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to twelve months and one day of imprisonment with no further supervised release.

So ORDERED and SIGNED this 13th day of March, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE